

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JOSEPH VAN ZEE, | * | CIV 09-3007 |
| Plaintiff, | * | |
| -vs- | * | MEMORANDUM OPINION AND ORDER |
| MARILYN HANSON, | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTRODUCTION

In early 2008, plaintiff enlisted in the United States Army for a four-year term of service. Plaintiff alleges that, in June 2008, prior to being sent to basic training, he executed two blank releases - one for law enforcement records, the other for probation/court records. These releases requested that law enforcement and court staff release any information they had regarding plaintiff's juvenile "charge(s), conviction(s), or adjudication(s)." Upon execution by the plaintiff, these releases were sent to an Army recruiter in Texas who, in turn, mailed them to the law enforcement and court agencies where plaintiff resided in an effort to obtain information regarding the plaintiff's juvenile record.

A copy of this release was mailed to the Court Services Office for the Sixth Judicial Circuit. Despite the recruiter's request for records, a Unified Judicial System ("UJS") Court Services Officer and legal counsel for the UJS Court Services refused to release such information to the recruiter, claiming such information was confidential, the release of which information was prohibited under South Dakota law.

Plaintiff further alleges that, after the recruiter was denied the information from the Court Services Officer, around July 9, 2008, the recruiter contacted Marilyn Hanson, the acting Clerk of Courts for Hyde County and requested plaintiff's juvenile records, if any. Hanson disclosed the records to the recruiter, and shortly thereafter, plaintiff received notification from the recruiter

that his enlistment had been canceled and his application for enlistment in the Army was rejected. Plaintiff then filed this suit under 42 U.S.C. §1983, claiming that his constitutional rights were violated by the defendant when she wrongfully disclosed his juvenile record to the Army recruiter. Defendant has filed a motion to dismiss for failure to state a claim, Doc. 10.

## OPINION

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted the district court must accept the allegations of the complaint as true and must construe them liberally in plaintiffs' favor. Quinn v. Ocwen Federal Bank FSB, 470 F.3d 1240, 1244 (8th Cir. 2006), Booker v. City of St. Louis, 309 F.3d 464, 467 (8th Cir. 2002), Duffy v. Landberg, 133 F.3d 1120, 1122 (8th Cir. 1998), Whisman el rel. Whisman v. Rinehart, 119 F.3d 1303, 1308 (8th Cir. 1997), and Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996). Dismissal under Fed. R.12(b)(6) is appropriate only when it "appears beyond doubt that plaintiffs can prove no set of facts in support of their claim which would entitle them to relief." Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007) (*quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Plaintiff has filed this claim under 42 U.S.C. §1983. In order for plaintiff to prevail, he must show "(1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) that a person acting under color of state law caused the deprivation." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993), citing West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). The only element at issue in this case is whether the plaintiff was deprived of a right secured by the Constitution.

Plaintiff's claim is cast in terms of a violation of his right to privacy, as guaranteed him under the Fourteenth Amendment. "Although the right of privacy is not found in the text of the Constitution, the Supreme Court has identified this penumbral right in the emanations from various amendments." Sylvester v. Fogley, 465 F.3d 851, 857 (8th Cir. 2006) (citing Griswold v. Connecticut, 381 U.S. 479, 484, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965)). Moreover, the Supreme Court has made it clear that, "[t]he cases sometimes characterized as protecting 'privacy' have in fact involved at least two different kinds of interests. One is the individual interest in avoiding disclosure of personal matters and another is the interest in independence in making certain kinds of important decisions." Whalen v. Roe, 429 U.S. 589, 599-600, 97 S.Ct. 869, 876 (1977). Only

the former is an issue here. That is, does the plaintiff have a federal privacy interest in not having his juvenile record disclosed?

The general rule under South Dakota law is that juvenile court records are not accessible to the public. See, SDCL 15-15A-7(3)(p). Statutory exceptions to this rule do, however, provide that information concerning juvenile offenders may be released, under certain conditions, by order of the court. See e.g., SDCL 26-7A-29 and 26-7A-37. Here, no court order was issued authorizing the release of plaintiff's juvenile record. Therefore, this undoubtedly was a wrongful disclosure of private information. The defendant clearly acted in violation of South Dakota law.

However, the Eighth Circuit Court of Appeals has "consistently held that to violate the constitutional right of privacy 'the information disclosed must be either a shocking degradation or an egregious humiliation . . . to further some specific state interest, or a flagrant bre[a]ch of a pledge of confidentiality which was instrumental in obtaining the personal information.'" Cooksey v. Boyer, 289 F.3d 513, 516 (8th Cir. 2002) (citing Alexander v. Peffer, 993 F.2d 1348, 1350 (8th Cir.1993)). This is a high burden for plaintiff to meet. There is no question that the defendant's actions were careless and in violation of state law. However, I find and conclude that the information disclosed and the circumstances of disclosure are neither shockingly degrading nor egregiously humiliating despite the circumstances in which the plaintiff's information was disclosed. It is a factor that the information was not disclosed to the public, but only to one person.

In the alternative, even if defendant's actions were shockingly degrading or egregiously humiliating, the Eighth Circuit has held that plaintiff must have had some legitimate expectation of privacy in the non-disclosure of his juvenile records. "To determine whether a particular disclosure satisfies this exacting standard, we must examine the nature of the material opened to public view to assess whether the person had a legitimate expectation that the information would remain confidential while in the state's possession." Eagle v. Morgan, 88 F.3d 620, 625 (8th Cir. 1996).

Thus, along with a disclosure of private and personal information, the plaintiff must have also had a legitimate expectation that the information would have remained confidential in order

to prevail. Here, plaintiff could not, or should not, have had such an expectation. The form plaintiff signed explicitly stated:

> Applicant claims to have a record of civil offenses and/or juvenile dispositions. This is not in itself a bar to enlistment, providing a waiver of such adjudications or convictions is granted providing he or she is otherwise qualified. Fitness for military service is judged by the individual's character at the time of enlistment application. In order that the individual's moral qualifications for enlistment be determined, it is requested that you complete this form's reverse side. Please include information on any charge(s), conviction(s), or adjudication(s).

By the nature of the form itself, plaintiff necessarily disclosed to the recruiter the fact that he had a juvenile record, although presumably the plaintiff did not describe in detail the nature and extent of his record. Nevertheless, it was plaintiff who took the first step in indicating that he had a juvenile record. Once plaintiff made that admission, he could not, or should not, have continued to have a legitimate expectation that such information would remain confidential as to the recruiter. This is especially true in light of the fact that the form plaintiff signed stated, "[I] request that you release all information concerning my juvenile and/or adult record." Even though South Dakota law does not allow for the plaintiff to give consent to having his juvenile record released to a third-party, this does not alter the court's determination that plaintiff should not have had a reasonable expectation of privacy in his juvenile records not being disclosed to the recruiter.

"The standards elucidated in Alexander and Eagle set a high bar and implicitly hold that many disclosures, regardless of their nature, will not reach the level of a constitutional violation." Cooksey at 516. The same is true here. While defendant's actions were wrongful, "the Constitution does not provide a remedy for every wrong that occurs in society." Eagle at 627. Such dismissal, however, is, of course, without prejudice to the plaintiff's ability, if any, to file a tort action in state court.

## ORDER

IT IS ORDERED that the defendant's motion to dismiss for failure to state a claim, Doc. 10, is granted, without prejudice and without the taxation of costs.

4

IT IS FURTHER ORDERED that the telephonic pretrial conference currently scheduled for Friday, February 26, 2010, at 1:00 o'clock P.M. is cancelled.

Dated this 22nd day of February 2010.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
           DEPUTY
(SEAL)

5